Andrew G. Deiss (Utah Bar no. 7184)
John Robinson Jr. (Utah Bar no. 15247)
DEISS LAW PC
10 West 100 South, Suite 425
Salt Lake City, Utah 84101
Tel: 801-433-0226
adeiss@deisslaw.com
jrobinson@deisslaw.com

*Attorneys for the Defendant Joseph Bishop*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MCKENNA DENSON**,<br>          Plaintiff,<br>vs.<br><br>**THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS**, and<br><br>**JOSEPH L. BISHOP**,<br>          Defendants. | **MOTION TO DISMISS**<br><br>Case No. 2:18-cv-00284-BCW<br><br>The Honorable Brooke C. Wells |

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Joseph L. Bishop moves this Court to dismiss the claims against him on the basis that they are time barred.

### INTRODUCTION

Plaintiff McKenna Denson initiated this lawsuit amid a media flourish in early April 2018. At the core of her complaint is the allegation that Defendant Joseph Bishop sexually

assaulted her in early 1984. Specifically, Denson asserts five intentional tort causes of action against Mr. Bishop and the LDS Church (collectively, Defendants).[1] The time to prosecute these claims, however, is long past—they are all barred by the applicable statute of limitations. Because the time to bring these claims has expired, the Court should dismiss all claims against Mr. Bishop with prejudice.

## ANALYSIS

The statute of limitations for all causes of action ran in the late 1980s or early 1990s, and Ms. Denson's causes of action are time barred—she has therefore failed to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In Utah, as "in all systems of enlightened jurisprudence," plaintiffs must timely assert claims against defendants. *See Wood v. Carpenter*, 101 U.S. 135, 139 (1879). The purpose of time limiting statutes is well understood—they are "an expression of public policy" that "encourage[s] promptness in bringing actions, and [does] away with stale claims." *Spikes v. Mittry Const. Co.*, 295 F.2d 207, 208 (10th Cir. 1961). Specifically, "[s]tatutes of limitation … are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944). For these reasons, "[s]tatutes of limitation are vital

---

[1] Denson's sixth "cause of action" is for "affirmative injunctive relief." Complaint at 16 (Dkt. 2). Specifically, she asks the Court to order the LDS Church to change various aspects of its policies and procedures for dealing with misconduct. Bishop does not respond to this part of the complaint because injunctive relief is a remedy, not a cause of action. See Thompson v. JPMorgan Chase Bank, N.A., 563 F. App'x 440, 442 n.1 (6th Cir. 2014) ("Injunctive relief" is not a cause of action, it is a remedy."). In addition, and although Denson does not specify against whom that relief is directed, Mr. Bishop does not respond to it because he has no power over the policies of the Church.

to the welfare of society and are favored in the law." *Wood*, 101 U.S. at 139.[2]

In Utah, "[i]t is clear that all actions, whether legal or equitable, are subject to a statute of limitations." *In re Hoopiiaina Trust*, 2006 UT 53, ¶ 26, 144 P.3d 1129. Most of those statutes are codified in title 78B, chapter 2 of the Utah Code, which also provides that "[c]ivil actions may be commenced only within the period prescribed in this chapter, after the cause of action has accrued." Utah Code § 78B-2-102. "The general rule is that a cause of action accrues upon the happening of the last event necessary to complete the cause of action." *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2004 UT App 436, ¶ 18, 104 P.3d 646. Further, there are few ways to revive a time-barred claim because even "ignorance of the existence of a cause of action does not prevent the running of the statute of limitations." *Id.*

Thus, to determine when a limiting period has expired and the cause of action must be dismissed, the Court must know two things. First, it must know what limiting period to apply, which is based on what the underlying cause of action is. And second, the court must determine when the cause accrued. Once those pieces of information are established, the court may calculate and apply the limiting period as a matter of law. Here, Ms. Denson's causes of action fall into two categories for purposes of limitations periods, which are addressed in section I. Section II of this motion addresses each cause in turn.

## I. All five causes of action are subject to either a three-year or a four-year statute of limitations.

Ms. Denson's first three causes of action are subject to Utah's "catch all" statute of

---

[2] Although a defense based on statutes of limitation is considered an affirmative defense, they may be asserted in a motion to dismiss under circumstances like the ones here. "If the allegations [in the complaint], for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007)

3

limitation, and her time to bring those claims expired long ago. Under Utah law, all civil actions are subject to some limiting period. *See Hoopiiaina Trust*, 2006 UT 53, ¶ 26. Some causes of action, for example the fraud causes discussed below, have specific limiting periods provided by statute. But in the absence of a cause-specific limiting period, a default period of four years applies. Utah Code § 78B-2-307 (stating that "for relief not otherwise provided for by law," an "action may be brought within four years"). As the Utah Supreme Court has explained, "the four-year catch-all statute of limitations applies to all causes of action, legal or equitable, in which affirmative relief is sought and another more specific statute of limitations does not apply." *Hoopiiaina Trust*, 2006 UT 53, ¶ 25 (quotation simplified).

Ms. Denson's fourth and fifth causes of action sound in fraud, have their own (shorter) limiting period, and are also barred. Under Utah's limitations scheme, "for relief on the ground of fraud or mistake," an "action may be brought within three years." Utah Code § 78B-2-305; s*ee also Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 16, 156 P.3d 806 ("[A]ctions for fraud must be brought within three years."). Therefore, Ms. Denson could only bring the claims in this suit within three or four years of their accrual, but she waited decades longer. The Court should dismiss her action with prejudice as explained below.

## II. Each cause of action is time barred by the applicable statute of limitation.

Because all of Ms. Denson's claims accrued in the 1980s, her time to assert them has expired. As explained above, limiting periods begin to run when the cause of action accrues. *See* Utah Code § 78B-2-102; *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2004 UT App 436, ¶ 18. Here, the time to bring these allegations has long since passed.

*Sexual assault and battery*. Ms. Denson's first cause is predicated on a battery that allegedly occurred in the mid-1980s. A person commits the civil tort of battery if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Wagner v. State*, 2005 UT 54, ¶ 16, 122 P.3d 599. According to Ms. Denson's allegations, the alleged battery took place in "early 1984" and the cause of action accrued at that time because both elements of the tort were met. *See* Complaint ¶ 34 (Dkt. 2). Under the catch-all statute of limitation, Ms. Denson therefore had until early 1988 to bring the action. *See* Utah Code § 78B-2-307(3). She did not do so, and her claim must be dismissed.

*Negligent infliction of emotional distress*. Although she purports to assert her second claim against Bishop, Ms. Denson's allegations are not directed at him.[3] Claims for negligent infliction of emotional distress are built on allegations of specific conduct. For example an actor is liable if, among other things, "the actor (a) should have realized that his conduct involved an unreasonable risk of causing the distress." *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 57, 116 P.3d 323. Thus, Ms. Denson's allegations must include some specific conduct on the part of Mr. Bishop that created an unreasonable risk of harm. Instead of explaining what actions Mr. Bishop took, the Complaint focuses exclusively on the LDS Church's inaction. *See* Complaint ¶ 44 ("By taking no action against Bishop … the Church has protected [him]."). Ms. Denson has therefore failed to plead her cause of action against Mr. Bishop.

Even assuming that the Complaint did allege specific conduct (or could be amended to allege specific conduct), the Court should dismiss on statute of limitation grounds.

---

[3] Ms. Denson's Complaint does not specify which defendant against which she asserts her claims.

According to Ms. Denson, the Church's allegedly tortious inaction began in "approximately 1987." Complaint ¶ 42. Like battery, this cause of action falls under Utah's catch-all statute of limitation and Ms. Denson's cause of action therefore expired in approximately 1991. *See Hatch v. Davis*, 2004 UT App 378, ¶ 39, 102 P.3d 774 (applying a four-year limitation period). The Court should therefore dismiss it.

***Intentional infliction of emotional distress***. Ms. Denson's third cause of action is explicitly based on the same conduct as her negligent infliction cause and is therefore also time barred. For example, both paragraphs of the Complaint addressing conduct refer to the "conduct of the Defendants as described above [in the previous cause of action]." Complaint ¶¶ 52–53. Because this cause of action relies explicitly on a cause of action that accrued in approximately 1987, the Court should dismiss it as well.

***Common law fraud***. Ms. Denson's claim of fraud is based on allegations of false statements that predated the alleged battery, and are thus time barred. The substance of Ms. Denson's claim is that she would not have gone to the Missionary Training Center if she had known about Mr. Bishop's alleged misconduct from the 1970s, and that the LDS Church defrauded her by holding the Training Center out as a safe space. But as with the emotional distress causes, Ms. Denson never asserts Mr. Bishop made any false representations or even that she had any contact with him before she arrived at the Training Center. For that reason, she has not stated a fraud claim against Mr. Bishop.

Also, as above, the Court should dismiss the fraud claim as time barred. "The elements of a fraud claim include the following: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely

upon it; (8) and was thereby induced to act; (9) to his injury and damage." *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 53 n.38, 201 P.3d 966. Under the facts Ms. Denson alleged, the latest possible date that the fraud claim could have accrued was in "approximately 1987, when Denson disclosed the sexual assault" to the LDS Church. Complaint ¶ 42. That is, by the time Ms. Denson reported the alleged misconduct to the Church, she necessarily must have also known that any statements the Church made about Mr. Bishop (or the safety of the Training Center) had been false.

Thus, by her own allegation, Ms. Denson knew at least by 1987 that the alleged misstatements had occurred. And because the limiting period for fraud claims is three years, Utah Code § 78B-2-305(3), her cause of action has been time barred since some time in 1990. The Court should dismiss it.

*Fraudulent concealment*. Ms. Denson's final cause of action also sounds in fraud, and it is likewise time barred. "[T]o establish fraudulent concealment, a plaintiff must prove the following three elements: (1) the nondisclosed information is material, (2) the nondisclosed information is known to the party failing to disclose, and (3) there is a legal duty to communicate." *Smith v. Frandsen*, 2004 UT 55, ¶ 12, 94 P.3d 919 (quotation simplified). As with her first fraud claim, Ms. Denson's concealment claim accrued at the latest in 1987 when she allegedly reported Mr. Bishop to the LDS Church. By that time, she must already have known that "Bishop was a sexual predator" and that the Training Center "was an untrustworthy and unsafe environment." *See* Complaint ¶ 65. Therefore, Ms. Denson's time to bring the fraudulent concealment claim, like the fraud claim, was sometime in 1990, and the Court should dismiss it.

## CONCLUSION

The purpose of statutes of limitations is clear—they are legislative expressions of public policy that encourage potential plaintiffs to bring their actions promptly, before the

7

causes get stale from lost evidence or faulty memories. *See Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944); *Spikes v. Mittry Const. Co.*, 295 F.2d 207, 208 (10th Cir. 1961). Here, Ms. Denson waited decades to bring the causes of action in the Complaint, and they are time barred as a result. The Court should dismiss this action with prejudice.

Dated: 15 May 2018

> DEISS LAW PC
>
> s/ *Andrew G. Deiss*
> Andrew G. Deiss
> John Robinson Jr.
>
> *Attorneys for Defendant J. Bishop*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of May, 2018, the above **MOTION TO DISMISS** was served upon all counsel of record via e-file notification.

                                                 DEISS LAW PC

                                                 /s/ Megan Murri