David J. Jordan (1751)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  801.328.3131

*Attorney for Defendant Corporation of the
President of The Church of Jesus Christ of
Latter-day Saints*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| MCKENNA DENSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; and JOSEPH L. BISHOP,<br><br>　　　　　Defendants. | **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Case No. 2:18-cv-00284<br><br>The Honorable Brooke C. Wells |

Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP") submits its Motion to Dismiss for Failure to State a Claim (the "Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Table of Contents

PAGE

RELIEF SOUGHT ................................................................................................... 1
INTRODUCTION .................................................................................................... 1
SUMMARY OF RELEVANT ALLEGATIONS ..................................................... 2
ARGUMENT ............................................................................................................ 3
I.   MS. DENSON'S ALLEGED ASSAULT AND EMOTIONAL
     DISTRESS CLAIMS EXPIRED IN 1985 AND 1988 AND SHOULD
     BE DISMISSED ........................................................................................... 5
II.  MS. DENSON'S ALLEGED FRAUD CLAIMS EXPIRED IN 1987
     AND SHOULD BE DISMISSED ................................................................. 6
CONCLUSION ......................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           Page(s)

*Aldrich v. McCulloch Props., Inc.*,
    627 F.2d 1036 (10th Cir. 1980) ...............................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................3, 7

*Baldwin v. Burton*,
    850 P.2d 1188 (Utah 1993)..................................................................................6, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................3, 4

*Bryson v. Gonzales*,
    534 F.3d 1282 (10th Cir. 2008) ................................................................................3

*Cabaness v. Thomas*,
    2010 UT 23, 232 P.3d 486......................................................................................5

*City of Fairbanks v. Amoco Chem. Co.*,
    952 P.2d 1173 (Alaska 1998) ..................................................................................8

*Clarke v. Living Scriptures, Inc.*,
    2005 UT App. 225, 114 P.3d 602............................................................................6

*Colosimo v. Roman Catholic Bishop of Salt Lake City*,
    2007 UT 25, 156 P.3d 806......................................................................................8

*Dummar v. Lummis*,
    543 F.3d 614 (10th Cir. 2008) .................................................................................8

*Ellis v. Estate of Ellis*,
    2007 UT 77, 169 P.3d 441......................................................................................5

*Jordan-Arapahoe, LLP v. Bd. of Cty. Comm'rs*,
    633 F.3d 1022 (10th Cir. 2011) ...............................................................................3

*Radloff-Francis v. Wyoming Med. Ctr., Inc.*,
    524 F. App'x 411 (10th Cir. 2013) (unpublished) ................................................... 4

*Robbins v. Oklahoma*,
    519 F.3d 1242 (10th Cir. 2008) ............................................................................. 4

*United States v. Kubrick*,
    444 U.S. 111 (1979) ......................................................................................... 2, 4

*Wood v. Carpenter*,
    101 U.S. 135 (1879) ............................................................................................. 4

**Statutes**

Utah Code § 78-12-26(4) (1984) ............................................................................. 5

Utah Code § 78-12-29(4) (1984) ......................................................................... 5, 6

Utah Code § 78B-2-305(3) ...................................................................................... 6

Utah Code § 78B-2-307(3) ...................................................................................... 5

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................... 1, 3, 4

**RELIEF SOUGHT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, COP moves to dismiss all Plaintiff's claims against COP for failure to state a claim upon which relief can be granted.

**INTRODUCTION**

Ms. Denson alleges that defendant Joseph Bishop sexually assaulted her 34 years ago while serving as her ecclesiastical leader.  Mr. Bishop has denied Ms. Denson's allegations.

In cases like this, with conflicting claims and denials, the credibility of competing accounts is often measured by the testimony of third parties.  For example, how did Ms. Denson tell her story to others in the past?  Unfortunately (and unsurprisingly), due to the significant passage of time, many of the individuals who knew what, if anything, Ms. Denson previously reported are long deceased.  Case in point, Ms. Denson alleges that in 1987 or 1988 she informed Carlos Asay, an ecclesiastical leader of The Church of Jesus Christ of Latter-day Saints, of the alleged assault.  But Mr. Asay died in 1999.  And even individuals who are still alive are unlikely to have reliable memories of events from over three decades ago.  That places COP in the unenviable position of defending itself

against serious allegations without the benefit of key witnesses or fresh memories. It also undermines the truth-seeking function of the Court—a function that necessarily depends upon reliable evidence.

The United States Supreme Court has long recognized that statutes of limitations—enacted in every state—are designed to protect against situations like this one. For example, the Court has emphasized that statutes of limitations "protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *United States v. Kubrick*, 444 U.S. 111, 117 (1979).

Ms. Denson's own allegations demonstrate that the statute of limitations for any claim she may have had has long since expired. Accordingly, her claims are untimely and COP's Motion should be granted.

## SUMMARY OF RELEVANT ALLEGATIONS

Ms. Denson alleges that Mr. Bishop is a lifelong sexual predator. Compl. ¶ 16. She also alleges that Mr. Bishop confessed as much to his ecclesiastical leader in the late 1970's. Compl. ¶ 20.

Ms. Denson alleges that Mr. Bishop was assigned to lead the Missionary Training Center ("MTC") in Provo, Utah, despite his prior confession. Compl.

¶ 22.  Ms. Denson also alleges that, in this position, COP impliedly or expressly represented that Mr. Bishop was "safe, honorable, and trustworthy."  Compl. ¶ 58.  Ms. Denson alleges that in early 1984, while she was being trained as a missionary in the MTC, she was violently sexually assaulted by Mr. Bishop.  Compl. ¶ 31.

Ms. Denson alleges that in 1987 or 1988 she reported the alleged assault to her ecclesiastical leaders who were agents of COP.  Compl. ¶ 32.

## ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Thus, the complaint must allege "enough factual matter, taken as true, to make [a] 'claim to relief . . . plausible on its face.'"  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (ellipsis in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff."  *Jordan-Arapahoe, LLP v. Bd. of Cty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).  However, a court will not accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

A statute of limitations defense "may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (unpublished) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). "Statutes of limitation are vital to the welfare of society and are favored in the law." *Wood v. Carpenter*, 101 U.S. 135, 139 (1879). "[T]hey protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses,[1] fading memories, disappearance of documents, or otherwise." *United States v. Kubrick*, 444 U.S. 111, 117 (1979).

All claims asserted by Ms. Denson against COP are time-barred and should be dismissed.  Her claims for assault and emotional distress are subject to a one and four year statute of limitations, respectively.  They expired in 1985 and 1988,

---

[1] Indeed, this case exemplifies the need for a statute of limitations.  Ms. Denson alleges that "COP knew, had reason to know, or was otherwise on notice of prior sexual improprieties against women committed by" Mr. Bishop.  Compl. ¶ 36.  But many of the individuals identified in her complaint are long deceased.  For example, Carlos Asay, to whom Ms. Denson alleges she reported the assault, died in 1999.  Compl. ¶ 32.

respectively. Her remaining two fraud-based claims are subject to a three year statute of limitations and expired in 1987.[2] COP addresses each category in turn.

**I.   MS. DENSON'S ALLEGED ASSAULT AND EMOTIONAL DISTRESS CLAIMS EXPIRED IN 1985 AND 1988 AND SHOULD BE DISMISSED.**

Based on her own allegations, Ms. Denson's claims for assault, negligent infliction of emotional distress, and intentional infliction of emotional distress expired decades ago. Under Utah law in 1984 (when Ms. Denson's claims allegedly arose), the statute of limitations for assault claims was one year. Utah Code § 78-12-29(4) (1984) (providing a one year statute of limitations for "[a]n action for libel, slander, assault, battery, false imprisonment or seduction"). And the statute of limitations for emotional distress claims was four years. *See* Utah Code § 78-12-26(4) (1984)[3]; *Cabaness v. Thomas*, 2010 UT 23, ¶ 24, 232 P.3d 486 ("Claims for intentional infliction of emotional distress are subject to a four-year statute of limitations."); *Ellis v. Estate of Ellis*, 2007 UT 77, ¶ 30, 169 P.3d 441 (applying the four-year statute of limitations to negligence claims). "In Utah, a

---

[2] Ms. Denson also styles her request for injunctive relief as a sixth cause of action entitled "Affirmative Injunctive Relief." Compl. ¶ 71-78. But a request for an injunction is not an independent cause of action. Rather, it is a prayer for relief.

[3] Utah's statutes of limitations have since been renumbered, but the substance for these claims remains the same. *Compare* Utah Code § 78-12-26(4) (1984) *with* Utah Code § 78B-2-307(3) (the "catch-all" provisions applicable to claims for emotional distress).

statute of limitations begins to run when a cause of action accrues." *Clarke v. Living Scriptures, Inc.*, 2005 UT App. 225, ¶ 9, 114 P.3d 602.

In this case, Ms. Denson alleges that she was assaulted by Mr. Bishop in "early 1984." Compl. ¶ 34. Thus, based on her own allegations, her personal injury and emotional distress claims accrued at that time. Under Utah law, the statute of limitations also began to run at that time. Accordingly, Ms. Denson's assault claim expired one year later in early 1985. And her emotional distress claims expired in early 1988. Thus, any claim Ms. Denson may have had expired over 30 years ago and should be dismissed.

## II. MS. DENSON'S ALLEGED FRAUD CLAIMS EXPIRED IN 1987 AND SHOULD BE DISMISSED.

Ms. Denson's alleged fraud claims expired in 1987. Utah law provides a three year statute of limitations for fraud-based claims. Utah Code § 78B-2-305(3).[4] And by its express terms, the statute begins to run upon "the discovery by the aggrieved party of the facts constituting the fraud." *Id.* But the Utah Supreme Court has explained that "it is not necessary for a claimant to know every fact about his fraud claim before the statute begins to run." *Baldwin v. Burton*, 850

---

[4] Utah's statute of limitations for fraud in 1984 has since been renumbered to the section referenced above. The renumbering of this statute also included a minor stylistic change, but the substance of the operative language remained the same. *Compare* Utah Code § 78-12-29(4) (1984) *with* Utah Code § 78B-2-305(3) (the statutes of limitations for fraud claims and accompanying internal discovery rule).

6

P.2d 1188, 1197 (Utah 1993). Indeed, the statute may begin to run even if the claimant "may not have learned every detail of the alleged fraud or even discovered that actual fraud did in fact occur." *Id.*

In this case, Ms. Denson's fraud claims are based on her allegations that COP either expressly or impliedly represented that Mr. Bishop was a "safe, honorable, and trustworthy" individual. Compl. ¶ 58. Ms. Denson claims that she relied on those representations and trusted Mr. Bishop and that he exploited her trust by sexually assaulting her in 1984. But, assuming her allegations are true, Ms. Denson would have known as soon as she was assaulted that Mr. Bishop was not, in fact, "safe, honorable, and trustworthy." *Id.* Accordingly, her own allegations show that the three year statute of limitations began running in 1984.

Ms. Denson alleges, with no explanation, that she "did not learn of the fraud until December of 2017." Compl. ¶ 66.[5] Although unclear from the Complaint, Ms. Denson appears to contend that although she discovered that Mr. Bishop was not "safe, honorable, and trustworthy" in 1984, she did not "discover" until December 2017, that COP *knew* Mr. Bishop was a "sexual predator" at the time he was placed in a leadership position at the MTC. *Id.* ¶ 65. Even assuming Ms.

---

[5] This is precisely the type of "mere conclusory statement[]" that the Court need not accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Denson's allegations about COP were true—and they are not—her legal theory has been squarely rejected by binding Tenth Circuit precedent.

The Tenth Circuit, interpreting Utah's statute of limitations for fraud claims, has explained that the limitations period begins running at least as early as the date the allegedly defrauded party learns of the falsity of the statement or representation made by the individual accused of fraud. *Dummar v. Lummis*, 543 F.3d 614, 620 (10th Cir. 2008). Discovery that the defendant made the statement *knowing* it was false is not required for the limitations period to begin running. The *Dummar* court reasoned:

> If more conclusive evidence of fraudulent intent were required before the statute began to run, then many a fraud claim would be subject to no time limitation at all. As the Alaska Supreme Court has recognized, "[e]vidence of scienter is usually circumstantial, and a defrauded victim will normally have only indicia of scienter before suing. Notice of the scienter element could not require knowledge of conclusive evidence, because conclusive evidence of scienter is rarely available, even through exercise of discovery. If that level of notice were required, the limitations period would never begin running."

*Id.* (quoting *City of Fairbanks v. Amoco Chem. Co.*, 952 P.2d 1173, 1179 (Alaska 1998); *see also Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 18, 156 P.3d 806 (2007) (refusing to apply the discovery rule to toll the statute of limitations against a non-perpetrator institutional defendant where the plaintiff

8

knew of the alleged abuse and the relationship between the accused abuser and the institutional defendant).

In short, even assuming Ms. Denson's allegations are true, she knew by at least early 1984 that, contrary to any alleged representation by COP, Mr. Bishop was not "safe, honorable, and trustworthy." Accordingly, the three year statute of limitations for her fraud claim began to run at that time. Thus, Ms. Denson's fraud claims expired in early 1987—over thirty years ago.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion and dismiss Ms. Denson's claims against COP.

DATED: May 15, 2018.

                                                   STOEL RIVES LLP

                                                   */s/ David J. Jordan*
                                                   David J. Jordan

                                                   *Attorney for Defendant Corporation of the President of The Church of Jesus Christ of Latter-Day Saints*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of May, 2018, I caused to be served via ECF/Email and/or U.S. mail, postage prepaid, a true and correct copy of the foregoing **MOTION TO DISMISS** to the foregoing:

Jeffrey R. Oritt
Cohne Kinghorn
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
joritt@cohnekinghorn.com

Craig K. Vernon
James, Vernon & Weeks, P.A.
1626 Lincoln Way
Coeur d'Alene, ID 83814


/s/ Rose Gledhill