David J. Jordan (1751)
Wesley F. Harward (15623)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131

*Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MCKENNA DENSON,<br><br>Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; and JOSEPH L. BISHOP,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Case No. 2:18-cv-00284<br><br>The Honorable Dale A. Kimball |

Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP") submits its Reply Memorandum in Support of Motion to Dismiss for Failure to State a Claim (the "Motion").

## INTRODUCTION

Ms. Denson's claims against COP are barred by Utah's statute of limitations. Ms. Denson's sole argument to the contrary is that the statute of limitations was tolled until 2017 when she "discovered" COP's alleged "fraud." But as was

explained in COP's Motion, her theory has been expressly rejected by the Tenth Circuit applying Utah law in *Dummar v. Lumis*. Tellingly, Ms. Denson's "Response to Defendants' Motions to Dismiss" (the "Response") omits *any* reference to *Dummar*. But her own allegations confirm that *Dummar* applies to this case. And those same allegations demonstrate that the statute of limitations for any claim she may have had against COP has long since expired. Accordingly, her claims are untimely and COP's Motion should be granted.

## ARGUMENT

Each of Ms. Denson's claims against COP are barred by the applicable statute of limitations. A statute of limitations defense "may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (unpublished) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

### I. MS. DENSON'S ALLEGED FRAUD CLAIMS EXPIRED IN 1987 AND SHOULD BE DISMISSED.

Ms. Denson's alleged fraud claims expired in 1987. The three-year statute of limitations for fraud claims begins to run upon "the discovery by the aggrieved party of the facts constituting the fraud." Utah Code § 78B-2-305(3). Ms. Denson concedes that she knew by at least 1984 that COP's alleged representations that

Mr. Bishop was "safe, honorable, and trustworthy" were false. However, she contends that it was not until 2017 that she learned that COP *knew* the representations were false at the time they were made. Accordingly, she argues that she did not "discover" the so-called fraud until 2017 and her claims are therefore timely. But this "discovery" theory has been squarely rejected by controlling precedent.

Ms. Denson's Response entirely ignores *Dummar v. Lumis*. 543 F.3d 614 (10th Cir. 2008). As explained in COP's Motion, the Tenth Circuit held in that case that Utah's statute of limitations for fraud claims begins to run when the plaintiff learns that the allegedly fraudulent representations were false. *Id.* Discovery that the defendant made the statement *knowing* it was false is not required for the limitations period to begin running. The *Dummar* court reasoned:

> If more conclusive evidence of fraudulent intent were required before the statute began to run, then many a fraud claim would be subject to no time limitation at all. As the Alaska Supreme Court has recognized, "[e]vidence of scienter is usually circumstantial, and a defrauded victim will normally have only indicia of scienter before suing. Notice of the scienter element could not require knowledge of conclusive evidence, because conclusive evidence of scienter is rarely available, even through exercise of discovery. If that level of notice were required, the limitations period would never begin running."

*Id.* at 620 (quoting *City of Fairbanks v. Amoco Chem. Co.*, 952 P.2d 1173, 1179 (Alaska 1998)).

This conclusion is sensible and consistent with pleading standards. A plaintiff has notice of a potential claim upon discovery that representations upon which the plaintiff relied were false. From that time on, the plaintiff may assert that claim and, at the very least, plead scienter upon information and belief. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Accordingly, there is no reason to continue to toll the statute after that time.

Ms. Denson cannot (and does not even attempt) to distinguish her "discovery" theory from that presented in *Dummar*. Instead, she ignores *Dummar* entirely and attempts to rely on *Colosimo v. Roman Catholic Bishop of Salt Lake City* by distinguishing her case from the facts there. 2007 UT 25, 156 P.3d 614 (10th Cir. 2008). But even that attempt fails. In *Colosimo*, the Utah Supreme Court refused to toll the statute of limitations where the plaintiffs "knew that they had been abused" and knew "the relationships between [the abuser] and the institutional defendants and of the duties owed to them by those institutional defendants." *Id.* ¶ 18. The Utah Supreme Court also explained that "a defendant's mere silence in the face of a plaintiff's failure to use reasonable diligence in

investigating a claim is insufficient evidence of fraudulent concealment to warrant tolling the statute of limitations." *Id.* ¶ 44 (citing cases) (internal citations omitted). It added that, "in no case . . . is mere silence or failure to disclose sufficient in itself to constitute fraudulent concealment." *Id.* (internal citations omitted).

Ms. Denson's case is indistinguishable from *Colosimo*. According to her own allegations, she knew of the alleged assault in 1984. And she knew of the relationship between Mr. Bishop and COP and the duties owed to her. Thus, the statute of limitations began to run in 1984.

Even if Ms. Denson could distinguish her case from *Colosimo* (and she cannot), her claims must still be dismissed under *Dummar*.[1] According to her own allegations, Ms. Denson knew enough in 1984 to assert her claims against COP. Specifically, based on her own allegations, she knew by 1984 that, contrary to any alleged representations by COP, Mr. Bishop was not "safe, honorable, and trustworthy." Accordingly, the statute of limitations for her fraud claims began to

[1] Ms. Denson also refers to *Doe v. Presiding Bishop of The Church of Jesus Christ of Latter-day Saints* to support her theory. 837 F. Supp. 2d 1145 (D. Idaho 2011). There, the Ninth Circuit, applying Idaho law, decided whether a two year or three year limitations period applied to the facts of that case. The single paragraph Ms. Denson relies on did not relate to the case's holding and is therefore dicta. More importantly, that language, even if it were applicable, would contradict *Dummar*, a clear—and binding—Tenth Circuit precedent applying Utah law rejecting her position.

run at that time and expired in 1987. Her claims filed in 2018—over thirty years later—are untimely and should be dismissed.

## II. MS. DENSON'S REMAINING CLAIMS ASSERTED AGAINST COP ARE UNTIMELY AND SHOULD BE DISMISSED.

Ms. Denson's remaining claims asserted against COP are also untimely. [2] She raises a single argument in an attempt to avoid the statute of limitations for her remaining claims—both of which are claims for infliction of emotional distress.[3] Specifically, she argues that the statute of limitations for those claims was tolled by operation of the *common law* discovery rule due to "fraudulent concealment." But

---

[2] Ms. Denson concedes in her Response that the assault and battery claim is not asserted against COP.

[3] Ms. Denson also argues that the Court may toll the statute "when application of the statute of limitations would be irrational or unjust." Response at 13. It appears that the argument relates only to her claims against Bishop. However, to the extent Ms. Denson intends to assert that argument to support her claims against COP, she is incorrect. Ms. Denson's argument is based on a partial quotation of the relevant standard. Her Response omits the remainder of the sentence after the word "unjust." As the complete quote from the Utah Supreme Court makes clear, courts may apply the discovery rule "when application of the statute of limitations would be irrational and unjust *where, because of exceptional circumstances, a plaintiff has no knowledge of the cause of action until after it is barred by the limitations period*." *Olsen v. Hooley*, 865 P.2d 1345, 1348 (Utah 1993) (emphasis added). Expanding on that ruling, the Utah Supreme Court subsequently held that before a plaintiff is eligible for this exception, "he must make a threshold showing that he was unaware of his injuries or damages and a possible cause of action before the statute of limitations expired." *Jensen v. Young*, 2010 UT 67, ¶ 18, 245 P.3d 731. Accordingly, the exceptional circumstances prong has no application here where, according to her own allegations, Ms. Denson was aware of her "damages and a possible cause of action" by no later than 1984. *Id.*

this argument suffers from the same defect as her argument regarding the operation of the *statutory* discovery rule for her fraud claims—it has been rejected in binding precedent.

Ms. Denson argues she "did not have the basic knowledge necessary to bring these [emotional distress] claims." Response at 14. But she does not identify a single *fact* relevant to her emotional distress claims about which she lacked knowledge. She does not because she cannot. According to her own allegations, she knew everything about the alleged assault in 1984.[4] She knew about Mr.

---

[4] It is unclear from Ms. Denson's complaint whether her claims for emotional distress are based on the alleged assault or her allegations that COP did not discipline Mr. Bishop or investigate her claims. To the extent her claims are based on the latter, they are barred not only by the statute of limitations, but also by the First Amendment. Courts consistently refuse to allow claims based on a church's internal disciplinary actions—so called "clergy malpractice" claims. Indeed, the Tenth Circuit has explained "that churches have autonomy in making decisions regarding their own internal affairs." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 655 (10th Cir. 2002). And the "church autonomy doctrine prohibits civil court review of internal church disputes involving matters of faith, doctrine, church governance, and polity." *Id.* Similarly, the Utah Supreme Court has explained "it is well settled that civil tort claims against clerics that require the courts to review and interpret church law, policies, or practices in the determination of the claims are barred by the First Amendment under the entanglement doctrine. *Franco v. The Church of Jesus Christ of Latter-day Saints*, 2001 UT 25, ¶ 20, 21 P.3d 198 (citing cases). This is true regardless of whether through "creative pleading" the claim is styled in a way other than malpractice. *Id.* ¶ 20. Accordingly, "regardless of whether a claim against a cleric is one for malpractice, the claim will not survive constitutional scrutiny if an adjudication of the claim would foster an excessive governmental entanglement with religion in violation of the Establishment Clause." *Id.* ¶ 21.

Bishop's relationship with COP in 1984. And according to her own allegations she knew in 1984 that, contrary to any alleged representations by COP, Mr. Bishop was not "safe, honorable, and trustworthy." This was sufficient knowledge for the statute of limitations to begin running on her emotional distress claims. And, as explained above, this knowledge prevents tolling the statute of limitations based on the discovery rule for "fraud" under *Dummar*.

In short, Ms. Denson's emotional distress claims are time barred. Her theory regarding the application of the discovery rule for "fraud" has been decisively rejected by the Tenth Circuit. Accordingly, her claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant COP's Motion and dismiss Ms. Denson's claims against COP.

DATED: June 26, 2018.

STOEL RIVES LLP

*/s/ David J. Jordan*
David J. Jordan
Wesley F. Harward

*Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*