Andrew G. Deiss (USB 7184)
Wesley D. Felix (USB 6539)
John Robinson Jr. (USB 15247)
DEISS LAW PC
10 West 100 South, Suite 425
Salt Lake City, Utah 84101
Tel: 801-433-0226
adeiss@deisslaw.com
wfelix@deisslaw.com
jrobinson@deisslaw.com

*Attorneys for the Defendant Joseph Bishop*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MCKENNA DENSON**,<br><br>        Plaintiff,<br><br>vs.<br><br>**THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS**, and<br>**JOSEPH L. BISHOP**,<br><br>        Defendants. | Case No. 2:18-cv-00284-DAK-DBP<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>District Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Pead |

    Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Joseph L. Bishop submits the following Reply in support of his motion to dismiss the claims against him on the basis that they are time barred.

## INTRODUCTION

At the core of this case is Plaintiff McKenna Denson's allegation that Defendant Joseph Bishop sexually assaulted her in early 1984. In response to the Complaint, Mr. Bishop and the Corporation of the President of the Church of Jesus Christ of Latter-day Saints (the COP) each moved separately to dismiss all five causes of action under the applicable statutes of limitation because Ms. Denson's time to bring these claims expired decades ago. Mr. Bishop also argued that several of the claims were not pleaded against him individually. Instead of addressing Mr. Bishop's arguments separately, Ms. Denson filed a single Response to Defendants' Motions to Dismiss (the Response). In it Ms. Denson essentially concedes that her assault claim is barred, but she argues that she brought the other four causes of action timely. According to her argument, Ms. Denson just recently discovered new facts that support her fraud and emotional distress claims even though the actions and statements underlying the claims took place over 30 years ago.

Ms. Denson's argument is unpersuasive, however, for two reasons. First, the Response is directed almost entirely at COP's arguments, even though it purports to include Mr. Bishop by using the plural term "Defendants" instead of discussing each defendant's arguments individually. For example, Mr. Bishop's motion to dismiss showed that, in addition to being time barred, Ms. Denson's Complaint did not state either of the two infliction of emotion distress claims against him personally. But in her Response, Ms. Denson only contests the time bar issue and ignores Mr. Bishop's lead argument.

Second, none of the allegedly new facts were necessary to her legal claims, and there was therefore no tolling under the discovery rule. Indeed, assuming her allegations are true, Ms. Denson knew all the facts necessary to state her claims in the

1980s because that is when she knew that Mr. Bishop was not the safe and honorable man she had been led to believe. The Court should dismiss Mr. Bishop from the case.

## ANALYSIS

Ms. Denson argues that the time to bring four of her five causes of action was tolled by the discovery rule, and she asks the Court not to apply the limitation period to her other claim. *See* Response at 8, 13 (Dkt. 17). Specifically, she claims to have uncovered new facts during a conversation with Mr. Bishop in 2017. *Id.* at 9. The new information, however, was not necessary to her claims against Mr. Bishop—the claims accrued long ago when the last event necessary to state them occurred, and the discovery rule does not apply. In addition, Ms. Denson's Response lumps both defendants together in spite of the fact that they are much differently situated factually and legally. This Reply addresses each point.

**I.     Ms. Denson's Response does not address Mr. Bishop's arguments.**

Ms. Denson's Response is directed almost entirely at the COP's motion to dismiss, and her arguments don't apply to Mr. Bishop because he is differently situated and wasn't involved in most of the allegations underlying the Complaint. Specifically, Ms. Denson's arguments only purport to include Mr. Bishop by placing him within the scope of the defined plural term "Defendants." A close look at the Response reveals the problem. Mr. Bishop and the COP are not legally or factually synonymous—simply including Mr. Bishop within the scope of "Defendants" does not cure the Complaint's failure to state its claims against him.

In her section on fraud, for example, Ms. Denson alleges that "Defendants advertise and teach its members that its leaders … are 'safe, honorable, and trustworthy.'" Response at 9. In that passage, the subject/verb disagreement reveals the

problem—the possessive pronoun *its* refers to the COP, not the COP and Mr. Bishop together. Mr. Bishop does not have members or leaders, only the church does. Mr. Bishop cannot teach his "members" anything as a matter of language and logic—he does not and cannot have any.

Another example of the same problem is found in the following paragraph. There, Ms. Denson explains that she allegedly "reported Defendant Bishop's sexual assault to local leaders of Defendant COP and to one of its General Authorities, Carlos Asay." Response at 9. Thus, the thrust of that paragraph is about her efforts to report Mr. Bishop's alleged wrongdoing to church leadership. The next sentence, however, again shoehorns Mr. Bishop into the picture without factual basis: despite her "best efforts to seek answers, Defendants revealed nothing … " *Id.* What Ms. Denson leaves unexplained, though, is how Mr. Bishop was involved at all. Indeed, by her own allegation, she spoke only with local leaders and Carlos Asay. Complaint ¶ 32 (explaining she told her local bishop and was later contacted by Asay). Given that Ms. Denson has not alleged that she had contact with Mr. Bishop between 1984 and 2017, it's unclear how her conversations with church leadership in the late 1980s have anything to do with Mr. Bishop, and the Response does not explain the connection.

The Response contains other examples of the same kind and rarely treats Mr. Bishop as an independent actor.[1] In sum, it appears that Ms. Denson hopes that she can establish liability against Mr. Bishop simply by including him in arguments that are really about the COP. The two defendants are separate, however, and the Court should

---

[1] As explained, the Response often lumps Bishop and the COP together in ways that don't make sense. In another example, Ms. Denson claims that "Defendants concealed their knowledge of, and complicity in, Defendant Bishop's evil activities…" Response at 15. But of course Bishop cannot have been complicit in his own activities, so the argument doesn't make any sense on its face. *See also, e.g*, Response at 10.

consider them as such. Ms. Denson's Complaint fails in part because she hasn't stated her claims against Mr. Bishop as an individual even assuming her claims can go forward against the COP.

II. **Ms. Denson had all the facts she needed to bring her causes of action in the 1980s, and whether she discovered new or additional facts in 2017 is irrelevant.**

Ms. Denson argues that the discovery rule tolled the statute of limitations for over 30 years, but she had all the essential facts for her claims in 1984. Her argument is based on the contention that both Mr. Bishop and the COP concealed Mr. Bishop's pre-1984 "red flag" conduct from her, and that she didn't learn of the conduct until she interviewed him in 2017. *See* Response at 12–13. Specifically, she argues that both defendants represented that Mr. Bishop was "safe, honorable, and trustworthy," while simultaneously withholding "information about his lifelong sexual addiction and sexual predation." Response at 9. Thus, Ms. Denson argues, the limiting periods did not begin to run until last year when she discovered information related to Mr. Bishop's alleged history of sexual misconduct.

The argument fails for at least two reasons. First, it doesn't make sense on its face. Ignoring for purposes of this Reply that Mr. Bishop denies the alleged acts of sexual impropriety, Plaintiff's argument tries to draw a line between knowing that Mr. Bishop "raped her," but not knowing that Mr. Bishop was a sexual predator. *See* Response at 17. Put differently, Ms. Denson contends that she believed Mr. Bishop was safe and honorable until 2017—some 34 years after she was allegedly raped—at which point she learned otherwise and her causes of action accrued. Based upon her own allegations that's impossible, because she also alleges that he sexually assaulted her in 1984 and that she was fully aware of the assault at the time it happened. Response at 3

5

("McKenna knew she was sexually assaulted …"). Put bluntly, safe and honorable men do not sexually assault women, so (even assuming her allegations are true) Ms. Denson would have known for a very long time that Mr. Bishop was not safe or honorable. At most, any concealment of the truth extended only until 1984 because it is impossible for one person to conceal something from another after the point in time that the other learned the truth. Ms. Denson did not need to wait to interview Mr. Bishop in 2017 to find out he was not safe, and the discovery rule does not apply to these facts.

Second, any new information from the 2017 interview is irrelevant to Ms. Denson's causes of action. As explained above, the only new information that she uncovered in 2017 related to Mr. Bishop's alleged history of sexual misconduct. But that history, assuming it's true, has nothing to do with her causes of action. This Reply addresses each cause in turn.

***Sexual assault and battery***. Ms. Denson concedes that no concealment or other theory tolled the statute of limitations. Instead, she simply asks the Court not to apply the limitations period because doing so would be "irrational or unjust." Response at 13 (citing and quoting *Olsen v. Hooley*, 865 P.2d 1345, 1348 (Utah 1993), but cutting off the quote prematurely to avoid strongly unfavorable language).[2] Ms. Denson offers no argument in support of her request, however. Indeed, she does not even acknowledge that *Olsen*—the only case she cites in support of her position—requires a showing of

---

[2] Ms. Denson omitted critical qualifying language from her quote of *Olsen v. Hooley* with an ellipsis. The full exception is stated as follows, with bold type indicating the omission: "The discovery rule may apply under one of the following circumstances: … (3) when application of the statute of limitations would be irrational or unjust **where, because of exceptional circumstances, a plaintiff has no knowledge of the cause of action until after it is barred by the limitations period**." 865 P.2d 1345, 1348 (Utah 1993).

exceptional circumstances. 865 P.2d at 1348. Under *Olsen*, a court can only apply the unjust prong of the discovery rule "where, because of exceptional circumstances, a plaintiff has no knowledge of the cause of action until after it is barred… ." *Id.* Here, *Olsen* is wholly inapposite. Indeed, the case is contrary to Ms. Denson's argument because Ms. Denson concedes that she had knowledge of the cause of action at the time it occurred: "McKenna knew she was sexually assaulted when the rape happened." Response at 3. *Olsen* only applies when a plaintiff has "no knowledge of the cause of action until after it is barred," 865 P.2d at 1348, and the Court should dismiss the assault claim.

***Negligent and intentional infliction of emotional distress***. In his motion to dismiss, Mr. Bishop explained that Ms. Denson's allegations, in addition to being time barred, failed to state a claim for either intentional or negligent infliction against Mr. Bishop individually. Specifically, Mr. Bishop's lead argument showed that infliction of emotion distress must be based on specific conduct, but the only facts that Ms. Denson pleaded were related to the COP's inaction, not Mr. Bishop's conduct. *See* Complaint ¶ 44 ("By taking no action against Bishop … the Church has protected [him]."). In her Response, Ms. Denson makes no effort to rebut Mr. Bishop's main argument. Because she failed to state the emotional distress claims against Mr. Bishop in the first instance, and then failed to rebut him on that point, the Court should dismiss both. *See* SCO Grp., Inc. v. Novell, Inc., 692 F. Supp. 2d 1287, 1295 (D. Utah 2010) (concluding that "Plaintiff's failure to respond to Defendant's argument" functioned as an "apparent concession of [the] point"); *see also City of Olmsted Falls v. Fed. Aviation Admin.*, 292 F.3d 261, 274 (D.C. Cir. 2002) (dismissing plaintiff's claim as jurisdictionally barred where plaintiff failed to respond in its reply brief to an allegation of waiver).

Even if the claims had been stated against Mr. Bishop, however, they are time

barred for similar reasons to those explained above. As Mr. Bishop showed in his Motion to Dismiss, infliction of emotional distress claims (whether intentional or negligent) are based on specific conduct. *See Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 57, 116 P.3d 323; *Russell v. Thomson Newspapers, Inc.*, 842 P.2d 896, 905 (Utah 1992). Here, Ms. Denson's claim appears to be based on Mr. Bishop's alleged conduct in 1984, and she acknowledges that she was aware of the alleged conduct when it happened. Thus 1984 is when the claim accrued, because the alleged assault was the "last event necessary to complete the cause of action." *See Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2004 UT App 436, ¶ 18, 104 P.3d 646. Any allegedly new information that Ms. Denson uncovered in 2017 was therefore irrelevant to the statute of limitations question—that information was never necessary to establish either of her emotional distress claims, and the discovery rule does not apply.

Indeed, even assuming the newly discovered evidence was somehow relevant to her case, Ms. Denson surely had enough information in 1984 to trigger her duty to investigate potential claims. *See Jensen v. Young*, 2010 UT 67, ¶ 21, 245 P.3d 731 ("[I]f a party has knowledge of some underlying facts, then that party must reasonably investigate potential causes of action because the limitations period will run." (quotation simplified)). The Court should dismiss both emotional distress claims.

**Common law fraud**. As she failed to do with the emotional distress claims, Ms. Denson's Response does not address Mr. Bishop's lead argument to dismiss the fraud claim. Mr. Bishop's motion showed that the Complaint does not allege he made any false representations to Ms. Denson, which is a required component of fraud. *See Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 53 n.38, 201 P.3d 966. Indeed, the Complaint contains no facts that suggest she had any contact with Mr. Bishop before she arrived at the Training Center and, more importantly, alleges no facts that Mr.

Bishop made any representations to her at all. Ms. Denson failed to respond to Mr. Bishop's argument so the Court should dismiss it. *See* SCO Grp., Inc. v. Novell, Inc., 692 F. Supp. 2d 1287, 1295 (D. Utah 2010) (concluding that "Plaintiff's failure to respond to Defendant's argument" functioned as an "apparent concession of [the] point"); *see also City of Olmsted Falls v. Fed. Aviation Admin.*, 292 F.3d 261, 274 (D.C. Cir. 2002) (dismissing plaintiff's claim as jurisdictionally barred where plaintiff failed to respond in its reply brief to an allegation of waiver).

*Fraudulent concealment*. Like her first fraud claim, Ms. Denson's fraudulent concealment claim is not truly directed at Mr. Bishop. Instead, her allegations focus on the COP's alleged teachings that "Bishop was safe, honorable, and trustworthy" and that "a man called to be President of the MTC, like Bishop, would be a beacon of faith." Complaint ¶ 68. Thus, Ms. Denson does not allege that Mr. Bishop himself failed to disclose anything to her, which is in keeping with the fact that she does not allege he interacted with her before she arrived at the missionary training center. He therefore had no opportunity to conceal any information. Because nondisclosure is an element of the tort, *see Smith v. Frandsen*, 2004 UT 55, ¶ 12, 94 P.3d 919, the Court should dismiss the claim.

## CONCLUSION

Statutes of limitations have a clear purpose—they are legislative enactments that encourage potential plaintiffs to bring their actions promptly, before the causes get stale from lost evidence or faulty memories. Ms. Denson waited over 30 years from the time she alleges she knew she was raped to bring the causes of action in the Complaint, and to the extent they are stated against Mr. Bishop at all, they are time barred. The Court should dismiss this action with prejudice.

//

Dated: 26 June 2018

                                                                                                                                                                                                                 DEISS LAW PC

                                                                                                                                                          /s/ *Andrew G. Deiss*
                                                                                                                                                          Andrew G. Deiss
Wesley D. Felix
John Robinson Jr.

*Attorneys for Defendant Bishop*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of June, 2018, the above **REPLY IN SUPPORT OF MOTION TO DISMISS** was served upon all counsel of record via e-file notification.

DEISS LAW PC

/s/ Megan Murri