IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| MCKENNA DENSON,<br><br>       Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; and JOSEPH L. BISHOP,<br><br>       Defendants. | **STIPULATED SCHEDULING ORDER**<br><br>Case No. 2:18-cv-00284<br><br>The Honorable Dale A. Kimball |

  Pursuant to Fed. R. Civ. P. 16(b), the Court received the Attorney Planning Meeting Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

    **\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | | | |
|---|---|---|---|
| 1. | | **PRELIMINARY MATTERS** | **DATE** |

Nature of claims and any affirmative defenses: Plaintiff McKenna Denson brings claims for common law fraud and fraudulent concealment. The full nature of her claims are set forth in her Complaint and Request for Jury Trial (Docket 2). Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP") denies her allegations and has asserted affirmative defenses as set forth in its Answer (Docket 30).

| | | | |
|---|---|---|---|
| | a. | Date the Rule 26(f)(1) conference was held? | 8/31/18 |
| | b. | Have the parties submitted the Attorney Planning Meeting Report? | 9/4/18 |
| | c. | Deadline for 26(a)(1) initial disclosures? | 9/14/18 |
| 2. | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum number of depositions by Plaintiff(s): | _30_ |
| | b. | Maximum number of depositions by Defendant(s): | _30_ |
| | c. | Maximum number of hours for each deposition (unless extended by agreement of parties): | _7_ |
| | d. | Maximum interrogatories by any party to any party: | _25_ |
| | e. | Maximum requests for admissions by any party to any party: | _No limitations_ |
| | f. | Maximum requests for production by any party to any party: | _No limitations_ |

g. The parties shall handle discovery of electronically stored information as follows: All documents will be produced in jpg, single-page tiff load files or other formats, suitable for being downloaded into CasePoint, Relativity, Concordance, Summation or other document management systems to be specified by counsel. Each image will be endorsed with a unique bates number. If native information reveals additional relevant information, the parties may request production of the native version of a limited number of documents by identifying the document by bates number. Files that cannot be imaged will be produced in their native format.

    h.    The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: The parties agree to the Standard Protective Order as set forth in Utah District Court Local Rule 26-2.

| | | | |
|---|---|---|---|
| | i. | Last day to serve written discover: | *4/15/19* |
| | j. | Close of fact discovery: | *5/31/19* |
| **3.** | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
| | a. | Last day to file Motion to Amend Pleadings or Add Parties | |
| | | Plaintiff: | *12/3/18* |
| | | Defendant: | *12/17/18* |
| **4.** | | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |
| | **Disclosures (subject and identity of experts)** | | |
| | a. | Part(ies) bearing burden of proof: | *6/14/19* |
| | b. | Counter disclosures: | *8/16/19* |
| | **Reports** | | |
| | a. | Part(ies) bearing burden of proof: | *8/30/19* |
| | b. | Counter reports: | *10/31/19* |
| **5.** | | **OTHER DEADLINES** | **DATE** |
| | a. | Last day for expert discovery: | *1/17/20* |
| | b. | Deadline for filing dispositive or potentially dispositive motions: | *2/14/20* |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony: | *2/14/20* |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| | | | | |
|---|---|---|---|---|
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
| | a. | Likely to request referral to a Magistrate Judge for settlement conference: | *No* | |
| | b. | Likely to request referral to court-annexed arbitration: | *No* | |
| | c. | Likely to request referral to court-annexed mediation: | *No* | |
| | d. | The parties will complete private mediation/arbitration by: | | *N/A* |
| | e. | Evaluate case for settlement/ADR on: | | *5/31/19* |
| | f. | Settlement probability: Poor | | |

*Specify # of days for Bench or Jury trial as appropriate.*
*The Court will complete the shaded areas.*

| | | | | |
|---|---|---|---|---|
| **7.** | | **TRIAL AND PREPARATION FOR TRIAL** | **TIME** | **DATE** |
| | a. | Rule 26(a)(3) pretrial disclosures[1] | | |
| | | Plaintiff(s): | | *05/08/20* |
| | | Defendant(s): | | *05/22/20* |
| | b. | Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) | | *14 Days* |
| | c. | Special Attorney Conference[2] on or before: | | *06/05/20* |
| | d. | Settlement Conference[3] on or before: | | *06/05/20* |

---

[1] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[2] The Special Attorneys Conference does not involve the Court. During this conference, unless otherwise ordered by the Court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pretrial order should include any special equipment or courtroom arrangement requirements.

4

| | | | | |
|---|---|---|---|---|
| e. | Final Pretrial Conference: | | ___:___ _.m. | *00/00/00* |
| f. | Trial | <u>Length</u> | | |
| | ii. Jury Trial | *13* | _8:30 a.m. | *07/13/20* |

**8.  OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

Signed:   September 5, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[3] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.