IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MCKENNA DENSON,<br><br>        Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; and JOSEPH L. BISHOP,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTIONS**<br><br><br>Case No. 2:18-cv-00284<br><br><br>Judge:  Dale A. Kimball<br>Chief Magistrate Judge: Dustin B. Pead |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) from District Court Judge Dale A. Kimball. (ECF No. 21.) Pending before the court are three motions filed by Defendant Corporation of the President of the Church of Jesus Christ of Latter Day Saints (COP). COP first seeks to compel Plaintiff McKenna Denson to produce a recording of a conversation Plaintiff had with Ronald Leavitt. (ECF No. 91.) Next, Defendant requests the court order Plaintiff to supplement her affidavit regarding the evidence she claims has gone missing. (ECF No. 101.) And most recently, COP requests that, "to ensure the preservation of evidence, the Court order Plaintiff McKenna Denson to allow a third-party forensic technology specialist to collect all data from her electronic devices and cloud-based accounts." (ECF No. 108 p. 1.) The court grants these motions as set forth below.

## FACTUAL BACKGROUND

In April 2018, Plaintiff McKenna Denson (Denson) initiated this action. Denson claims Defendant COP had knowledge that Defendant Joseph L. Bishop (Bishop) is or was a sexual

predator, yet made representations that he was a safe and respectable person. Despite an alleged

history of questionable sexual behavior, Bishop was called to serve as President of a Missionary

Training Center (MTC) where he had authority over thousands of young men and young women.

Complaint ¶ 22-23. Plaintiff alleges she had a traumatic and challenging adolescence that

included past physical and sexual abuse. *Id.* Denson received special permission to serve a

mission for her church and entered the MTC in January 1984. *Id.* at ¶ 24.

While in the MTC, Denson avers she was singled out by Bishop and after several

meetings where others were present, she then met alone with Bishop in his office per his request.

*Id.* at ¶ 28. Eventually Bishop allegedly sexually assaulted Denson in a basement room. *Id.* at ¶

31-32. A few years later in approximately 1987 or early 1988, Denson revealed the details of the

sexual assault to church leaders. *Id.* at ¶ 32. Elder Carlos Asay, a general authority and member

of the First Quorum of the Seventy at the time,[1] interviewed Denson and told her he would

investigate the incident and let her know the outcome. *Id*. Elder Asay never contacted her about

the incident again. *Id*.

## PROCEDURAL BACKGROUND

In August 2018, the court granted Defendant Joseph Bishop's Motion to Dismiss and

granted in part and denied in part Defendant COP's Motion to Dismiss. (ECF No. 29.) Denson's

actions for common law fraud and fraudulent concealment or nondisclosure remain.

Following a series of status conferences and court orders staying this case for a time to

allow Denson opportunities to find new counsel, Denson represented to the court that she

intended to pursue a dismissal of the case. (ECF No. 90.) Shortly thereafter however, Denson

changed course and entered a notice of pro se appearance. (ECF No. 94.) The court then held a

---

[1] The First Quorum of the Seventy is one of the governing bodies of the church.

hearing on COP's short form discovery motion to compel the recording of Plaintiff's visit with Ronald Leavitt. During the hearing Denson represented to the court that certain items pertaining to this case, including the recording, have gone missing. The court ordered Denson to file a sworn affidavit concerning the missing items within 30 days. In an order following the hearing the court stated:

> As discussed at the hearing, Ms. Denson is to provide the necessary level of detail concerning the missing items, including the date on which she had possession of these items, how they were stored, the date upon which they were removed from storage and the approximate date that they were no longer in her actual or constructive possession. Order p. 2, ECF No. 98.

The court also granted Denson's request for mediation. To date, the COVID-19 global pandemic has postponed the mediation.

Denson filed a sealed affidavit on March 20, 2020. Five days later Defendant COP filed a Sealed Motion for Additional Information requesting the court order Plaintiff to supplement her affidavit regarding the evidence she claims has gone missing. (ECF No. 101.) Denson did not respond to the motion and the court entered an order to show cause directing her to respond. (ECF No. 103.) In response to the court's order to show cause, Denson provided that she gave a trusted friend the recorder, which held the "original recording of my conversation with Joseph Bishop and Ron Leavitt in April of 2019 to hold for safe keeping." (ECF No. 106 p. 1.) Plaintiff did not have a "safe deposit box" but her friend had a lock box at her residence, where she kept the recorder. Denson also provided correspondence from two individuals, Kathryn Sisney, who had the lock box with the recorder and recording, and Michael Bratcher, a friend of 11 or 12 years.

Most recently, Defendant filed a Sealed Motion for Preservation of Electronic Evidence. (ECF No. 108.) COP seeks a court order allowing a third-party forensic technology specialist to

3

collect data from Denson's electronic devices and cloud-based accounts. In support COP points

to the lost evidence in this case and the representations Denson has made concerning evidence.

Plaintiff has opposed this motion and it is now ripe for decision as COP has filed their reply.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1), which governs discovery disputes such as this,

provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable. F.R.C.P. 26(b)(1).

Denson is acting *pro se* in this case, so her pleadings are entitled to a liberal construction

and she is held to a less stringent standard than other litigants. *Erickson v. Pardus*, 551 U.S. 89,

94 (2007) (per curiam); *Haines v. Kerner*, 4040 U.S. 519, 520 (1972) (holding that *pro se*

litigants are held to "less stringent standards" than other litigants). Yet, *pro se* litigants "are

subject to the same rules of procedure that govern other litigants." *DiCesare v. Stuart*, 12 F.3d

973, 979 (10th Cir. 1993). This includes complying with discovery obligations as set forth in

Rule 26. *See, e.g.*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994); *Moon v.*

*Newsome*, 863 F.2d 835, 937 (11th Cir.1989); *Sisneros v. United States*, 2008 WL 4170361, at

*7 D. Colo. Sept. 5, 2008) ("Plaintiff's lack of legal training does not justify his failure to

properly disclose an expert witness pursuant to Rule 26(a)(2).")."A litigant, even if pro se, is

alone responsible for gathering the evidence needed to support a claim or defense." *Martinez v.*

*United States*, 2014 WL 1338119, at *9 (W.D. Okla. Mar. 28, 2014); *see Kay v. Bemis*, 500 F.3d

1214, 1218 (10th Cir.2007).

4

**(i)**     **The recording of Plaintiff's conversation with Ronald Leavitt and the court**

**ordered affidavit**

The recording sought by Defendant is relevant to this case under Rule 26 and is subject to Defendant's prior discovery request seeking "All edited and unedited video and audio files regarding the allegations in the Complaint or this lawsuit." COP's RFP 21. Denson did not object to this request and she should have provided the recording. The court, therefore, will grant COP's Motion to Compel production of the recording. Denson is ordered to perform a new extensive and thorough search for the recording and if found it is to be produced within thirty (30) days from the date of this order.

The problem, however, is it appears the recording along with other items, have gone missing according to Plaintiff. To help remedy this the court ordered Denson to provide a detailed affidavit concerning the missing items. This was to include "the date on which she had possession of these items, how they were stored, the date upon which they were removed from storage and the approximate date that they were no longer in her actual or constructive possession." (ECF No. 98 p. 2.) Denson has failed to comply with this requirement. The court will therefore order Plaintiff to file a supplemental affidavit that specifically lists each and every single item that is missing, a detailed description of each item, the dates Plaintiff had possession of each item, the date it went missing and precisely where each item has been stored. The supplemental affidavit is to be signed by Plaintiff. A letter from a friend or others that is not in the form of a sworn affidavit will not suffice.

The court is very concerned by the shifting representations made by Plaintiff. At the hearing held on February 20, 2020, Denson represented that the recording "was in a safe deposit box, but I took it out because I was handing it over to the Utah Bar." Transcript of February 20,

2020 hearing. Denson provided that she could look through her records to determine when it was removed. Nonetheless, in her affidavit Plaintiff did not identify a bank or safe deposit box where the recording and other evidence was stored. Plaintiff now represents, in a filing before the court, that she does not "nor have ever had a safe deposit box." (ECF No. 106 p. 1.) Instead, the recorder and recording was stored at a friend's house in a lock box. This new representation is now accompanied by completely unsupported assertions made regarding the theft of the items possibly by individuals in this case, which border on absurd and irrational. The court will grant COP's Motion for Additional Information. (ECF No. 101.) Plaintiff has thirty (30) days from the date of this order to file a supplemental affidavit that provides explicit details regarding the evidence she claims has gone missing.

### (ii)      Defendant's request for a third-party forensic specialist to preserve evidence

Most recently, COP seeks a court order allowing a third-party forensic technology specialist to collect all data from Denson's electronic devices and cloud-based accounts. COP argues this is necessary because 1) Plaintiff has abused the discovery process; 2) improperly withheld and concealed evidence; and 3) made misrepresentations. Specifically, COP points to Plaintiff's denial under oath of not having any Reddit account, and then later admitting that she not only had one, but also used it regularly to write about this case; Plaintiff's testimony that she is writing a book about her allegations, followed by a response to a document request that the manuscript consists of only a one-page outline; and, the ever shifting representations concerning the now missing evidence as noted above.

COP cites to Federal Rule 34(a) and offers two cases in support of its motion, *Jacobsen v. Starbucks Coffee Co.*, 2006 WL 3146349 (D. Kan. 2006) (unpublished) and *Talon Transaction Tech. Inc. v. Stoneeagle Services, Inc.*, 2013 WL 12172924 (N.D. Tex. 2013) (unpublished).

Rule 34 of the Federal Rules of Civil Procedure provides that a party my request another party to "produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items …: any designated documents or electronically stored information—including … images, and other data or data compilations—stored in any medium …." Fed. R. Civ. P. 34(a). The advisory committee notes to the 2006 amendment of Rule 24 provide that the term "electronically stored information" is broad and the court finds it can encompass the request sought by COP.

A sister court in this district, the District of Kansas, decided *Jacobsen*. In that case, the plaintiff brought employment discrimination claims and sought to compel the production of certain items. Because of "questionable discovery responses" the plaintiff also sought production of her supervisor's computer, or a mirror image of the computer. The court granted the request pointing to the circumstances in the case that warranted it. "The record before the court reflects a history of incomplete and inconsistent responses to plaintiff's production requests" the court said, and, "Defendant's belated search using four terms and it offer to conduct additional searches is simply 'too little, too late.'" *Jacobson*, 2006 WL 3146349, at *7. The defendant's objections that the computer contained irrelevant, proprietary and confidential business data, was not enough to overcome the circumstances that warranted its production.

Similarly, the Northern District of Texas in *Talon v. Stoneeagle Services*, discussed the value of electronic evidence and the need and duty to preserve it. "To ensure that evidence has been properly preserved in cases involving electronic evidence, courts have permitted the taking of a "mirror images" of a party's relevant computer equipment." *Talon Transaction Techs.*, 2013 WL 12172924, at *1. That court then cited to examples of cases where this was done, including one from this circuit *Balboa Threadworks, Inc. v. Stucky*, 2006 WL 763668, at * 4 (D. Kan. Mar.

24, 2006), where the court ordered that all of the defendants' computers and peripheral

equipment, such as ZIP Drives, shall be made available for mirror imaging. *See, e.g., Simon*

*Property Group L.P. v. MySimon, Inc.*, 194 F.R.D. 639, 641 (S.D.Ind.2000) (allowing plaintiff to

mirror image defendant's computers where there were "troubling discrepancies with respect to

defendant's document production.").

Denson opposes the request for access to her electronic devices and cloud based accounts

arguing that it is "not only unnecessary but it is also invasive and an absolute invasion of my

privacy." (ECF No. 111 p. 1.) Denson points to her prior productions asserting she has produced

emails and or messages. Plaintiff also offers the password to her Facebook account and to her

"Reddit account entitled nopotofgold." *Id.* Finally, Denson asserts the draft of her book entitled

"The Rape Room" was included with the flash drives that went missing and in any event, it is

unimportant because the parties are heading into settlement negotiations.

The cases cited to by Defendant are not controlling, but the court finds the principles set

forth in them persuasive. The Federal Rules require a party to conduct a reasonable search for

responsive information. *See* Fed. R. Civ. P. 26; *Jacobson*, at *2 (D.Kan. Oct. 31, 2006)

(requiring a party to conduct a reasonable search for documents responsive to requests for

production); *Walker v. THI of N.M. at Hobbs Ctr.*, 2010 WL 552661, at *12 (D.N.M. Feb. 8,

2010) (ordering party responding to discovery request to conduct a diligent search for responsive

documents); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626

(D.Colo.2007) (indicating that Rule 34 imposes an affirmative duty to seek information

reasonably available through a party's employees, agents, and others subject to its control); *A.*

*Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D.Cal.2006) (stating that a party has

an obligation to conduct a reasonable inquiry in the course of responding to requests for

production). Denson, although now proceeding *pro se*, is not exempt from the discovery requirements of the Federal Rules. Having reviewed the history of the discovery in this case, the court finds Denson has failed to meet her discovery obligations. This is evident in her failure to produce items that are relevant and responsive to Defendant's discovery requests.

Based upon the circumstances in this case, which includes the loss of evidence, the changing stories of Plaintiff concerning this evidence and how it was stored, the conflicting nature of reports Plaintiff has offered concerning an individual outside her home, and the alleged attacks upon her, the court finds the circumstances here warrant access to her electronic devices and cloud based accounts to create a mirrored image. This will preserve any evidence and perhaps discover evidence that has been lost. Denson's offer of her password to certain social media accounts is insufficient to address the concerns cited above. Plus, even with access, there is nothing to prevent an attempt at destruction of evidence. The court presumes parties appearing before it will act in good faith, yet Plaintiff's actions here have left the court with significant reservations.

Denson argues allowing access to her devices will be an invasion of her privacy. The court acknowledges there will be some private items on her devices and cloud accounts that will be irrelevant to this case and need not be turned over to Defendants. Defendant proposes that an independent third-party, Xact Data Discvoery, Inc. (XDD) a nationwide discovery and forensic service provider, not counsel, image her devices and collect the data. The court adopts this proposal. Counsel for Defendant will not have any access to the data collected until after the court approves a review plan. The court finds this will adequately protect Plaintiff's privacy interests. Once the data is collected and a report generated, the parties may propose a review process to account for documents and information that is privileged or irrelevant.

9

Defendant "is willing to pay the costs associated with XDD's services at this time" subject to seeking sanctions and fees against Plaintiff if necessary. Def.'s Mtn. p. 13. The court orders Defendant to engage XDD and begin the process. If necessary, the court will determine how the final costs for the services will be split or paid for at a later time. Plaintiff is ordered to not destroy any evidence or electronic devices. Plaintiff's devices shall be turned over to XDD for imaging within a reasonable time frame from the date of this order. Plaintiff is also to turn over passwords to all her cloud based accounts to XDD for imaging. The court is mindful that the COVID-19 pandemic may create some challenges to mirroring, but the court expects that the process will begin no later than sixty (60) days from the date of this order. Accordingly, Defendant's Motion for Preservation of Electronic Evidence shall be GRANTED.

Plaintiff initiated this case and is not exempt from the discovery requirements that come with brining a suit in federal court. The court reminds Plaintiff that she is to comply with her obligations. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920, (10th Cir. 1992) (discussing the factors that may lead to an order dismissing an action "'[i]f a party … fails to obey an order to provide or permit discovery.") (quoting Fed. R. Civ. P. 37(b)(2)(C)); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1183 (10th Cir. 2009) ((holding that dismissal as a sanction was warranted for insured's fabrication of discovery documents); *Lee v. Max Int'l, LLC.*, 638 F.3d 1318, 1319 (10th Cir. 2011) (affirming dismissal of a case as a sanction for discovery violations); *Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1159 (D. Utah 2011) (entering sanctions for spoliation of evidence).

## ORDER

For the reasoning set forth above, Defendant's Motion to Compel Production of a Recording (ECF No. 91.) is GRANTED. Denson is FURTHER ORDERED to perform a new

extensive and thorough search for the recording and if found it is to be produced within thirty (30) days from the date of this order.

Defendant's Motion for Additional Information in Accordance with the Court's February 21, 2020, Order is GRANTED. (ECF No. 101.) Denson is to file a supplemental detailed affidavit that provides explicit details regarding the evidence she claims has gone missing within thirty (30) days from the date of this order.

Finally, Defendant's Motion for Preservation of Electronic Evidence is GRANTED as set forth above. (ECF No. 108.)

IT IS SO ORDERED.

DATED this 29 June 2020.

_____
Dustin B. Pead
United States Magistrate Judge