David J. Jordan (1751)
david.jordan@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:  801.328.3131

*Attorneys for Defendant Corporation of the
  President of The Church of Jesus Christ of
  Latter-day Saints*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MCKENNA DENSON,<br><br>  Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; and JOSEPH L. BISHOP,<br><br>  Defendants. | **EMERGENCY MOTION TO ENFORCE ORDER AND FOR EXPEDITED HEARING**<br><br>Case No. 2:18-cv-00284<br><br>The Honorable Dale A. Kimball<br>The Honorable Dustin B. Pead |

Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP") submits this Emergency Motion to Enforce Order.

# INTRODUCTION

Pursuant to this Court's order of June 29, 2020, Ms. Denson was to provide Xact Data Discovery ("XDD") with access to her online accounts—including social media accounts—and to allow XDD to image her electronic devices. (Docket 119). When XDD contacted Ms. Denson on July 10th, she told them that she "lost" her cellular phone about three weeks ago and that she cannot remember her passwords for her Facebook and Twitter accounts. Ms. Denson's Facebook page is no longer accessible on-line. If the account has been deleted and is not promptly restored, the data will be irretrievable.

COP requests that Ms. Denson be ordered to immediately restore her Facebook accounts and recover her password. COP also asks that Ms. Denson be required to provide a sworn statement detailing the circumstances of her missing cellular phone. Finally, COP requests that this motion be expedited as any delay may result in further lost data.

# ARGUMENT

On June 29, 2020, this Court granted COP's Motion to Preserve Evidence (the "Order"). (Docket 119). The Order was based "upon the circumstances of this case, which includes the loss of evidence, the changing stories of Plaintiff concerning this evidence and how it was stored, the conflicting nature of reports

Plaintiff has offered concerning an individual outsider her home, and the alleged attacks upon her, the court finds circumstances here warrant access to her electronic devices and cloud based accounts to create a mirrored image." *Id.* at 9.

After receiving the Order, counsel for COP attempted to view Ms. Denson's public-facing Facebook page. That page displayed the following message: "This Content Isn't Available Right Now. When this happens, it's usually because the owner only shared it with a small group of people, changed who can see it or it's been deleted." *See* Facebook screenshot attached as Exhibit A. Thus Ms. Denson's formerly public account was either made private, deactivated, or deleted by no later than June 29, 2020.

XDD began the collection process on Friday, July 10, 2020. XDD reported on their efforts to counsel for COP on Monday, July 13, 2020.[1] XDD reports that Ms. Denson now claims that she lost her phone about three weeks ago. She indicated she purchased a new phone but elected to switch carriers and thus has a new phone number. This means much (if not all) of the data from her prior phone, including her text messages, cannot be collected.[2]

---

[1] Per the Court's Order, XDD has not provided counsel for COP any of the documents collected nor access to Ms. Denson's accounts. The report from XDD concerned only their ongoing efforts to collect the accounts and devices.

[2] Ms. Denson's new phone is an iPhone but was not "restored" from a backup of a prior phone.

107318168.1 0056812-00006

The login information for Ms. Denson's Facebook and Twitter accounts she provided to XDD was incorrect. Ms. Denson stated that she either could not remember or did not know the current passwords.[3] XDD attempted to work with Ms. Denson to recover passwords for those accounts. Those attempts were unsuccessful because the accounts were connected to her "old" phone number. Without access to that phone, her password cannot be recovered.

The lack of access to Ms. Denson's Facebook account is particularly problematic if the account has been recently deleted. According to Facebook, deleted accounts can be restored for up to 30 days. "After 30 days, [the] account and all [the] information will be permanently deleted."[4] Given that the deletion may have happened on June 29, 2020 at the latest, the 30-day window is quickly closing (if it has not closed already).

For the foregoing reasons, COP requests that Ms. Denson be ordered to immediately take all steps necessary to recover her cellular phone data and access to her accounts. Ms. Denson could accomplish this by locating her prior cellular

---

[3] Ms. Denson claims that she gave several other individuals access to her account some months ago and suggests they may have changed the password without her knowledge.
[4] https://www.facebook.com/help/224562897555674?helpref=search&sr=2&query=find%20a%20deleted%20account&search_session_id=1f0e744e8b1792bac2b44578f2f2a18b

4

phone. Otherwise, Ms. Denson should be required to immediately work with her prior phone provider to obtain a new phone with her old phone number and whatever data can be salvaged. With her old phone number, Ms. Denson could provide to XDD access to her social media accounts. Ms. Denson should also be required to immediately contact Facebook to recover and/or reset her password.

COP also requests that Ms. Denson be required to provide a sworn declaration or affidavit detailing the circumstances surrounding her missing cellular phone. This declaration should include the date on which she lost her phone, where she was when she realized it was missing, and what efforts she has made to recover it.

Finally, COP requests that the Court set an emergency hearing as soon as possible on this Motion without waiting for Ms. Denson to file a written response. Ms. Denson has repeatedly missed deadlines for filing responses to COP's motions. In this case, any such delay could cause further data loss. Ms. Denson may, of course, file a response prior to the hearing. Otherwise she may respond orally during the hearing.

DATED: July 13, 2020.

                                   STOEL RIVES LLP

                                   */s/ David J. Jordan*
                                   David J. Jordan
                                   Wesley F. Harward

                                   *Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

107318168.1 0056812-00006

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, a full and correct copy of the foregoing **EMERGENCY MOTION TO ENFORCE ORDER AND FOR EXPEDITED HEARING** was served upon the following via email and U.S. mail:

McKenna Denson
1715 ½ E 8th Street
Pueblo, CO  81001
Email: mckenna.aitcounseling@gmail.com

/s/ Rose Gledhill

107318168.1 0056812-00006