IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MCKENNA DENSON,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; and JOSEPH L. BISHOP,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S EMERGENCY MOTION**<br><br>Case No. 2:18-cv-00284<br><br>Judge:  Dale A. Kimball<br>Chief Magistrate Judge: Dustin B. Pead |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) from District Court Judge Dale A. Kimball. (ECF No. 21.) Pending before the court is Defendant's Corporation of the President of The Church of Jesus Christ of Latter-day Saints (COP) Emergency Motion to Enforce Order. (ECF No. 120.) The court finds the exigency of this matter, including the possible loss of data that is critical to the issues in this case, warrants the immediate entry of this order in an effort to preserve data. Defendant's motion is granted as set forth below. The court also orders Plaintiff to file a response to the representations COP makes in its motion.

On June 29, 2020, the court granted three motions concerning discovery in this case. (ECF No. 119.) The court does not repeat the full factual and procedural background that is set forth in that order. Briefly however, Plaintiff alleges she was sexually assaulted by an individual that was placed in a position of trust and authority by Defendant, despite Defendant's knowledge of this individual's history of questionable sexual behavior. The court has held multiple status

conferences and hearings regarding the production of discovery. Plaintiff has represented that some evidence, such as a recording she made of a visit with Ronald Leavitt, and a draft of a book she was writing about her experiences, have gone missing. The court in response, ordered Plaintiff to provide an affidavit concerning the circumstances behind the evidence that has gone missing.

On June 29th, the court entered an additional order requiring Plaintiff to provide a supplemental affidavit setting forth in explicit detail the circumstances behind the loss of evidence. Based upon the circumstances of this case, the court further ordered Plaintiff to "perform a new extensive and thorough search" for the missing items, and granted Defendant's request for an independent third-party, Xact Data Discovery, Inc. (XDD), to collect data from Plaintiff and make an image of her devices. The court also specifically ordered Plaintiff to "not destroy any evidence or electronic devices." June 29, 2020 order p. 10. XDD began the collection process on Friday, July 10, 2020.

Some concerns have now developed with the court ordered collection of data. XDD, who is an independent third-party, provided a report of its efforts. The following concerns are raised in the Emergency Motion: (1) Plaintiff now claims that she lost her phone about three weeks ago and purchased a new phone, electing to switch carriers and phone numbers; (2) The login information for Plaintiff's Facebook and Twitter accounts she provided to XDD were incorrect. XDD attempted to work with Plaintiff to recover passwords for those accounts, yet they are connected to her old phone number, so recovery thus far has been unsuccessful; and (3) Plaintiff's Facebook page is no longer accessible on-line meaning it has been marked private, deactivated, or deleted. According to Facebook, a deleted account can be restored for up to 30 days, after which, the account and all information will be permanently deleted.

The court is very concerned by this turn of events and the difficulties that have arisen in complying with it prior order. Once again the court reminds all parties, including Plaintiff, of their duties under the Federal Rules concerning discovery. A failure to comply with such duties may be the basis for serious sanctions, including the imposition of fees and the dismissal of a case. See *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (discussing factors courts consider when entering sanctions); *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (outlining when default judgment is appropriate as a sanction). The court does not address sanctions at this time because it is more concerned with the preservation of information that is critical to the remaining issues in this case. Accordingly, the court HEREBY ORDERS as follows.

Plaintiff is ORDERED to immediately take all steps necessary to recover her cellular phone data and access to all her accounts. Plaintiff is to contact her prior phone provider within one (1) day of this order, to obtain a new phone with her old phone number and recover any data that can be salvaged. Many modern smart phones, such as Apple's iPhone, offer cloud services with a backup of prior data. Plaintiff is ORDERED to use any and all such services to recover lost data.

Plaintiff is ORDERED to immediately contact Facebook, Twitter and any other social media providers to recover and or reset her passwords so XDD may have access to her accounts. Plaintiff is to comply with this requirement within one (1) day from the date of this order.

Plaintiff is again ORDERED to preserve all accounts and data. Willful destruction of evidence may be the basis for sanctions.

Plaintiff is FURTHER ORDERED to provide a sworn declaration or affidavit within seven (7) days from the date of this order, detailing the circumstances surrounding her missing

cellular phone. Plaintiff is to provide the date on which she lost her phone, where she was when she realized it was missing, where she believes it was lost, all efforts she has made to recover it, and other details regarding its loss.

Plaintiff is ORDERED to provide a sworn declaration or affidavit within seven (7) days detailing the steps taken in compliance with this order to recover her cellular phone data and access to all her accounts. This is to include the specific efforts taken to ensure XDD has access to Facebook, Twitter, Reddit, and any other social media accounts.

Finally, Plaintiff is ORDERED to respond within seven (7) days to the representations and allegations set forth in the Emergency Motion.

IT IS SO ORDERED.

DATED this 14 July 2020.

_____
Dustin B. Pead
United States Magistrate Judge